**FILED**

Feb 18, 2014

DEBORAH S. HUNT, Clerk

NOT RECOMMENDED FOR PUBLICATION

File Name: 14a0135n.06

No. 13-2129

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| TERRANCE DREW, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL MILKA, | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| Defendant-Appellant. | ) | EASTERN DISTRICT OF MICHIGAN |

BEFORE:    MERRITT, MOORE and CLAY. Circuit Judges.

**MERRITT, Circuit Judge.**  In this interlocutory appeal by the defendant, police officer Milka, who arrested plaintiff Drew and caused his police dog to bite him during the process, the question is whether the defendant officer is entitled to "qualified immunity."  The district court described the case as follows and ruled as follows on the issue of qualified immunity:

> Plaintiff's testimony — viewed in the light most favorable to Plaintiff — suggests that he did not resist the officers' attempt to take him into custody. According to his testimony, he was simply standing still with his daughter when police officers ran up, struck him in the head, and tackled him to the ground. Despite his protests that he was not resisting arrest and his claim that he "willingly" cooperated with officers' order that he place his hands behind his back, the arresting officers twisted his arms and ordered a dog bite. A reasonable jury could accept Plaintiff's account as true despite Defendant's contrary testimony, and under these facts Defendant used excessive force in ordering the dog bite, irrespective of its timing.
>
> . . . .

It is clear that ordering a dog bite on a compliant arrestee violates a clearly established constitutional right. As the Sixth Circuit stated in *Wysong*, "[t]he same cases holding the police may not use force on a subdued, non-resisting subject hold that the right to be free from physical force when one is not resisting the police is a clearly established right." 260 Fed. App'x at 848 (citing *Smoak v. Hall*, 460 F.3d 768, 784 (6th Cir. 2006) and *Champion v. Outlook Nashville, Inc.*, 380 F.3d 8983., 902 (6th Cir. 2004)). Just as the government has no law enforcement interest in ordering a dog bite on someone who is neither resisting arrest nor trying to flee, there is a clearly established constitutional right to be free from dog bites when one is neither resisting arrest nor attempting to flee. Accepting Plaintiff's facts for purposes of this motion, it is therefore clear that Defendant violated Plaintiff's clearly established constitutional rights. Therefore, the qualified immunity doctrine does not prevent Plaintiff from proceeding on his excessive-force claim.

After reviewing the record and briefs in the case, we agree with the district court that there is a material dispute of facts that must be decided at trial on the question of how the arrest occurred and whether the plaintiff resisted arrest and whether there was any justification for the dog bites. Therefore, we affirm the district court's refusal to grant summary judgment in favor of defendant.